Let the rule be made absolute.

*Briggs*, for the petitioners.

---

### SUCCESSION OF WILLIAM LYTLE.

·A will may be presented for probate by any one having the custody of it, or interested therein.

One named as executor in a will admitted to probate in another state, and ordered to be registered and executed here, cannot, where no proof is offered of his having been qualified or recognized as executor, administer under it without further authority.

GARLAND, J.    John K. Rayburn, a resident of New Orleans, has obtained a rule on the judge of the Court of Probates for the parish of New Orleans, requiring him to show cause, why a mandamus should not issue, directing him to register and order to be executed the last will and testament of William Lytle, deceased.   He produces a certified copy of the will, with the probate thereof, from the records of the County Court of Davidson county, in the state of Tennessee; from which it appears that said Rayburn, and two others, are named as executors; and he alleges that there is property in this state to be administered.   The judge has shown for cause, objections similar to those in the case of Alexander Wedderburn, *supra* p. 263, avowing his object to be *the* same as in that case; and he further shows as cause that the record is not properly authenticated, and that Rayburn has no interest under the will.

The copy of the will and probate is certified in conformity to the act of Congress, prescribing the mode in which public records and judicial proceedings in one state, shall be authenticated so as to take effect in another, approved May the 20th, 1790.   As to the objection that the judge who certifies the proceedings, is not duly commissioned and qualified, and that proof of his capacity should

be submitted to the judge of the Court of Probates, it seems to us of the same captious character as many of the others. The courts of this state always respect the certificates and seals of the officers of a sister state, so far as to consider them *prima facie* evidence; and we take for granted, they attest what is true.

,The fact that Rayburn is named executor in the will, seems to us sufficient evidence of interest, and authorizes him to ask for its registry and execution; but as to his acting as executor under it, without further authority, there seems to us an insuperable objection, which is, that it does not appear that he ever was recognized as executor in Tennessee, or ever qualified as such in any manner. A will may be presented for probate by any one having the custody of it,¹ or being interested therein, and it may be duly proved and ordered to be executed; but that does not, of itself, show that the persons named as executors, have accepted or have been qualified according to law. We are clearly of opinion that Rayburn has no right to administer the property belonging to the succession of Lytle in this state, without further authority; and as he now asks only for the registry and execution of the will, we suppose he intends to take other legal measures to qualify himself.

The rule is therefore made absolute.

*Claiborne*, for the petitioner.